NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TERRANCE ROBINSON, | : | |
| | : | Civil Action No. 12-4532 (RBK) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| N.J. DEPT OF CORRECTIONS, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

    Plaintiff pro se
    Terrance Robinson
    928227B/561135
    S.S.C.F.
    4295 Rt. 47
    Delmont, NJ 08314

**KUGLER, District Judge**

Plaintiff Terrance Robinson, an inmate at Southern State Correctional Facility in Delmont, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. This matter was previously administratively terminated due to deficiencies in Plaintiff's application, but may now be reopened. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.  BACKGROUND

Plaintiff provided no facts whatsoever in the body of his complaint.  He lists only "New Jersey Department of Corrections, et. al." as defendant parties in paragraph 4 section b of the complaint.  Further, under the section of the form complaint where Plaintiff is to answer the question of how the defendant(s) are involved in the case, he wrote only "See Attached Certification of Plaintiff and N.J. D.O.C. Form# 101."  Plaintiff also gave only that response under paragraph 5 as to his attempts at administrative relief and in paragraph 6 where he was to give a statement of the claims that he wishes to present in this litigation.  No Certification of Plaintiff was provided with Plaintiff's filings.  Plaintiff did attach two Inmate Remedy System Forms which make reference to an alleged piece of metal in Plaintiff's dinner on October 11, 2008, however, Plaintiff has not alleged any constitutional violations in connection with the alleged incident.

## II.  STANDARD OF REVIEW

A.   Standards for a Sua Sponte Dismissal

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B). This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2).  Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal).

The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  See Iqbal, 556 U.S. 677-679.  See also Twombly, 505 U.S. at 555, & n. 3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011); Bistrian

3

v. Levi, 696 F.3d 352 (3d Cir. 2012). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

B.      Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255–56 (3d Cir. 1994); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

III.  DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Given that requirement, a Plaintiff must present facts sufficient to show that each defendant would be liable for the claims presented against him or her by Plaintiff. See Rule 8 of the Federal Rules of Civil Procedure. Further, the Complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

In the matter presently before this Court, Plaintiff has provided no specific facts whatsoever to support any allegations against any Defendants.  The Inmate Remedy System Forms supplied by Plaintiff do not sufficiently allege constitutional violations to avoid dismissal at this stage of the litigation.  By providing no facts or allegations of deprivation of constitutional rights, Plaintiff has not shown that he is entitled to relief pursuant to Iqbal, which requires that a Plaintiff demonstrate that the allegations of his complaint are plausible.  See Iqbal, 556 U.S. at 677-79.

Accordingly,  this Court finds that Plaintiff's claims are not factually sufficient to proceed past the screening stage at this time, as Plaintiff has not alleged a deprivation of a constitutional right committed by any person acting under state law.  See 42 U.S.C. § 1983.  Plaintiff's Complaint will be dismissed for failure to state a claim.

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.  An appropriate order follows.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated:   March 7, 2013